1

2

3                                                          O

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   DAVID L. PAYNE,            )    Case No. EDCV 13-00044-VAP
                                )    (SPx)
12                  Plaintiff,  )
                                )    **ORDER GRANTING DEFENDANTS'**
13        v.                    )    **MOTION TO DISMISS**
                                )
14   WELLS FARGO BANK N.A.;     )    **[Motion filed on**
     NDEX WEST, LLC; AND DOES   )    **May 6, 2013]**
15   1 THROUGH 10 INCLUSIVE,    )
                                )
16                  Defendants. )
     _____)
17

18

19        Before the Court is a motion to dismiss the second

20   amended complaint filed by Defendant Wells Fargo Bank,

21   N.A. ("Wells Fargo") (Doc. No. 23) ("Motion").  Defendant

22   NDEx West, LLC ("NDEx") filed a request for joinder in

23   the Motion on May 7, 2013 (Doc. No. 25) ("Joinder

24   Request").[1]  The Motion is appropriate for resolution

25   without a hearing, and accordingly, the Court VACATES the

26

27   _____

28        [1]As neither Wells Fargo nor Plaintiff oppose the
     Joinder Request, joinder is granted and the Court will
     consider the Motion to have been made on behalf of NDEx,
     as well.

1   June 10, 2013 hearing.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-
2   15.

3

4        On February 25, 2013, Plaintiff David L. Payne,
5   appearing pro se, filed a first amended complaint in this
6   Court against Wells Fargo and NDEx (Doc. No. 17).  Wells
7   Fargo filed a motion to dismiss (to which NDEx joined) on
8   March 14, 2013.  Plaintiff failed to oppose that motion,
9   and the Court granted Defendants' motion, with leave to
10  amend.

11

12       On April 19, 2013, Plaintiff filed a second amended
13  complaint in this Court against Wells Fargo and NDEx
14  (Doc. No. 22) ("SAC").  Wells Fargo filed the instant
15  Motion, with a hearing date of June 10, 2013.  Under
16  Local Rule 7-9, a party must file opposition papers no
17  later than 21 days before the date designated for the
18  hearing of the motion.  Plaintiff has filed no timely
19  opposition.  Under Local Rule 7-12, the Court construes a
20  party's failure to oppose a motion as the party's consent
21  to the Court granting it.  The Court therefore GRANTS the
22  Motion, and DISMISSES Plaintiff's SAC, without prejudice.

23

24

25  Dated: <u>May 22, 2013</u>

26                              VIRGINIA A. PHILLIPS
                                United States District Judge

27

28